UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN F. COLLINS, | ) Case No. 5:18CV2082 |
| Plaintiff, | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) REPORT AND RECOMMENDATION |

Plaintiff John F. Collins (Collins or claimant) challenges the final decision of Defendant Commissioner of Social Security (Commissioner), denying his applications for a period of disability (POD), disability insurance benefits (DIB), and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. (Act). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). The issue before the court is whether the final decision of the Commissioner is supported by substantial evidence and, therefore, conclusive. For the reasons set forth below, the undersigned recommends that the Commissioner's final decision be affirmed.

I. PROCEDURAL HISTORY

On September 28, 2015, Collins protectively filed applications for a POD and DIB, and for SSI benefits, with both applications alleging disability beginning May 20, 2012. (R. 9, Transcript ("tr."), at 15, 217-218, 224-227, 245-247, 248-256.) Collins's applications were denied initially and upon reconsideration. (R. 9, tr., at 68-85, 86-103, 104-105, 106-119, 120-

121.)  Thereafter, Collins filed a request for a hearing before an administrative law judge (ALJ). (R. 9, tr., at 153-154.)

The ALJ held the hearing on September 26, 2017.  (R. 9, tr., at 29-67.)  Collins appeared at the hearing, was represented by counsel, and testified.  (*Id.* at 31, 33-61.)  A vocational expert (VE) attended the hearing and testified.  (*Id.* at 31, 61-67.)

On January 18, 2018, the ALJ issued his decision, applying the standard five-step sequential analysis to determine whether Collins was disabled.  (R. 9, tr., at 15-23; *see generally* 20 C.F.R. §§ 404.1520(a) and 416.920(a).)  Based on his review, the ALJ concluded Collins was not disabled.  *Id.* at 22-23.

The Appeals Council denied Collins's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.  (R. 9, tr., at 1-3.)  Collins now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  The parties have completed briefing in this case.

Collins presents a single legal issue for the court's review, challenging the ALJ's discussion of Mr. Collins's statements under Social Security Ruling 16-3P (SSR 16-3P).  (R. 11, PageID #: 880.)

## II.  PERSONAL BACKGROUND INFORMATION

Collins was born in 1972, and was 40 years old on the alleged disability onset date.  (R. 9, tr., at 21, 33, 217.)  Accordingly, Collins was considered a younger individual age 18-49 for Social Security purposes.  *See* 20 C.F.R. §§ 404.1563, 416.963.  Collins has at least a high

2

school education and is able to communicate in English. (R. 9, tr., at 21, 36-37, 248, 250.) He has past work as cook-food prep worker and as a material handler. (R. 9, tr., at 62-63.)

### III. RELEVANT MEDICAL EVIDENCE[1]

Disputed issues will be discussed as they arise in Collins's brief alleging error by the ALJ. As stated above, Collins filed applications for a POD and DIB, and for SSI benefits, on September 28, 2015. (R. 9, tr., at 15, 217-218, 224-227.) Collins listed his physical or mental conditions that limit his ability to work as: "major depressive disorder, panic disorder, blood pressure." *Id.* at 249. Collins asserts that his sole assignment of error concerns the ALJ's assessment of his statements and not the findings of his physicians (R. 11, PageID #: 880); therefore, the court will present only a limited summary of the medical evidence.

Collins had a physical consultative examination on November 14, 2013, conducted by Chimezie Amanambu, M.D. (R. 9, tr., at 489-495.) Collins stated that his chief complaint was that he was unable to work because of his major depression. *Id.* at 493. Manual muscle testing was within normal ranges for strength and range of motion in all areas. *Id.* at 489-492. Collins had no headache, neck pain, chest pain, abdominal pain, or other joint pains, and he was able to perform his activities of daily living. *Id.* at 493. Dr. Amanambu did not find any limitations on Collins's ability to sit, stand, walk, kneel, bend, twist or crawl. *Id.* at 495. The doctor opined

---

[1] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

3

that Collins could perform medium work, but recommended a psychological evaluation to determine whether claimant's depression would affect his ability to work productively. *Id.*

On January 5, 2016, state agency reviewing psychologist, Lisa Foulk, Psy.D., concluded that Collins has medically determinable impairments (MDIs) of affective disorders (primary), anxiety disorders (secondary), personality disorders and essential hypertension. (R. 9, tr., at 77.) Dr. Foulk assessed that Collins had mild restriction of activities of daily living; he also assessed moderate difficulties in maintaining social functioning and in maintaining concentration, persistence or pace. *Id.* at 78 (Psychiatric Review Technique). On reconsideration, state agency reviewing psychologist, Courtney Zeune, Psy.D., adopted Dr. Souder's Psychiatric Review Technique findings on March 22, 2016. *Id.* at 111-112.

State agency reviewing physician Gerald Klyop, M.D., prepared a case analysis of the physical medical evidence, on January 27, 2016. (R. 9, tr., at 76-77.) Dr. Klyop reported that Collins claimed disability due to high blood pressure, but found that the evidence showed claimant's blood pressure and diabetes are controlled by medication with no complications from these conditions. *Id.* at 77. On March 21, 2016, state agency reviewing physician Maria Congbalay, M.D., concurred, upon reconsideration, with Dr. Klyop's physical assessment. *Id.* at 110-111.

On October 24, 2017, Robert F. Dallara, Ph.D., prepared a psychological evaluation concerning Collins. (R. 9, tr., at 811-818.) In preparing his evaluation, Dr. Dallara reviewed some treatment notes, but the evaluation primarily consisted of a clinical interview with the claimant who "served as the sole but at times only fair informant." *Id.* at 811. No psychological testing was conducted. *Id.* at 813. Dr. Dallara reported that there was "a possibility of a

4

Cognitive Disorder; however there was insufficient evidence to advance the diagnosis." *Id.* at 814. The psychologist offered "diagnostic impressions" of "Persistent Depressive Disorder" and "Unspecified Anxiety Disorder." *Id.* Dr. Dallara assessed mild limitations in claimant's ability to do mental work-related activities, such as understanding, remembering, and carrying out instructions, due to depression and anxiety. *Id.* at 816. He found moderate impairment of claimant's abilities to interact appropriately with others in a work setting. *Id.* at 817.

## IV. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in his January 18, 2018, decision:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since May 12, 2012, the alleged onset date (20 C.F.R. 404.1571 *et seq.* and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: obesity, depressive disorder, anxiety disorder, and personality disorder (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following additional limitations: The claimant can only occasionally climb ladders, ropes or scaffolds. He can only occasionally work at unprotected heights and around moving mechanical parts. He can only occasionally operate a motor vehicle. The claimant is limited to simple, routine tasks that are not performed at a production rate pace. [T]he claimant can make only simple work-related decisions. He can only occasionally

5

work around supervisors, coworkers, and the public. The claimant can tolerate only a few changes in a routine work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on *** 1972, and was 40 years old, which is defined a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 20, 2012, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(R. 9, tr., at 17, 18, 19, 21, 22.)


V. DISABILITY STANDARD

A claimant is entitled to receive DIB or SSI benefits only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. §§ 404.1505(a), 416.905(a).

6

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a disability determination. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).
>
> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004); *see also* 20 C.F.R. § 416.920(a)(4).

## VI. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health &*

7

*Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Wright*, 321 F.3d at 614; *Kirk*, 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Wright*, 321 F.3d at 614; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *Hubbard v. Commissioner*, No. 11-11140, 2012 WL 883612, at *5 (E.D. Mich Feb. 27, 2012) (quoting *Heston*, 245 F.3d at 535).

## VII. ANALYSIS

Collins presents a single legal issue for the court's review, questioning whether the ALJ's discussion of Mr. Collins's statements complied with SSR 16-3P. (R. 11, PageID #: 880.) Collins contends that the ALJ did not properly evaluate his subjective impairment-related symptoms. *Id.* at 881-882.

The claimant's statements as to "pain or other symptoms will not alone establish that [he is] disabled...." *Walters*, 127 F.3d at 531 (quoting 20 C.F.R. § 404.1529(a)). The Sixth Circuit

8

has established a two-part test to evaluate complaints of disabling symptoms when the symptoms form a basis of the claimant's disability claim. *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007); *see also* SSR 16-3P, 2017 WL 5180304, at *3-*4 (Oct. 25, 2017).[2] First, the ALJ must determine whether there is "an underlying medically determinable physical impairment [MDI] that could reasonably be expected to produce the claimant's symptoms." *Id*. (*citing* 20 C.F.R. § 416.929(a)).

If the first test is satisfied, the ALJ must then evaluate "the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Rogers*, 486 F.3d at 247. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must assess the credibility of the claimant's alleged symptoms "based on a consideration of the entire case record." *Id.* SSR 16-3P lists the factors relevant to the ALJ's determination at this step. These factors include: the individual's daily activities; the location, duration, frequency and intensity of the individual's pain or other symptoms; any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual has received for relief of pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain; and, "[a]ny other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms." SSR 16-3P, 2017 WL 5180304, at *7-*8; *see, e.g.*, *Morrison v. Commissioner*, No. 16-1360, 2017 WL 4278378, at *4 (6th Cir. Jan. 30, 2017). An ALJ is not required to expressly address all the factors listed in SSR 16-3P, but should

---

[2] Social Security Ruling 16-3P superseded SSR 96-7P, and is to be used by ALJs when making determinations and decisions on or after March 28, 2016. SSR 16-3P, 2017 WL 5180304, at *1.

sufficiently articulate the assessment of the evidence to assure the court that the ALJ considered all relevant evidence. *Cross v. Commissioner*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

The ALJ's decision summarized the claimant's allegations as follows:

> The claimant's alleged impairments are major depressive disorder, panic disorder, hypertension, and diabetes. He has stated that these impairments cause depression, anxiety, high blood pressure, racing thoughts, lack of motivation, panic attacks and shoulder pain. In terms of functional limitations, the claimant alleges that he is not able to sustain work on a full-time basis.

(R. 9, tr., at 19.) The ALJ found that the claimant's MDIs could reasonably be expected to produce his alleged symptoms;

> . . . however, the claimant's statements concerning the intensity, persistence and limited effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

*Id.* at 19-20.

Collins contends that it is unclear what other evidence the ALJ considered, and asserts the ALJ failed to consider any of the SSR 16-3P factors. (R. 11, PageID #: 883-884.) He argues that the ALJ's decision should be remanded because it lacks analysis and does not comply with SSR 16-3P. *Id.* at 884. The ALJ's analysis, however, did not end with the paragraphs quoted above. Rather, the ALJ's analysis continued by addressing claimant's obesity and mental impairments. (R. 9, tr., at 20.) In addition, the ALJ concluded, after having reviewed the medical evidence, the consultative exams by Dr. Amanambu and Dr. Dallara, as well as the opinion evidence in the record, that:

> The claimant has certain limitations because of his medically determinable impairments. However, his limitations do not preclude all levels of basic work-

10

>related activities. There is nothing in the record that justifies any further
>reduction in the residual functional capacity contained herein.

*Id.* at 21.

The ALJ's findings based on the credibility of the claimant are accorded great weight and deference. *Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters*, 127 F.3d at 531; *Gonzalez v. Commissioner*, No. 1:06CV687, 2008 WL 584927, at *5 (W.D. Mich. Jan. 17, 2008). Although the ALJ's credibility determinations must be "based on a consideration of the entire case record[,]" *Rogers*, 486 F.3d at 247-248, an ALJ is not required to expressly address all the SSR 16-3P factors so long as she sufficiently articulates her assessment of the evidence to assure the court that she considered all relevant evidence. *Cross*, 373 F. Supp. 2d at 733. Here, the ALJ concluded that claimant's statements concerning the effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record "for the reasons explained in this decision." (R. 9, tr., at 19.) The ALJ's decision considered pertinent factors in SSR 16-3P, including Collins's daily activities, intensity of his symptoms, prescribed medications and treatments other than medications. *See* SSR 16-3P, 2017 WL 5180304, at *7-*8

For example, the ALJ specifically considered the results of the consultative examination by Dr. Amanambu, which included the doctor determining that the Collins can perform his activities of daily living. (R. 9, tr., at 493; *see generally* SSR 16-3P, 2017 WL 5180304, at *7 ("daily activities").) Moreover, the ALJ also considered the results from Dr. Dallara's consultative examination, which specifically identified the daily activities that Collins performed. *Id.* at 812. The ALJ discussed the November 2014 mental status examinations, at which Collins exhibited a withdrawn mood, but was otherwise within normal limits. (R. 9, tr., at 20; *see generally* SSR 16-3P, 2017 WL 5180304, at *7 (intensity of symptoms).) The ALJ also

11

referred to treatment progress notes at Coleman that occasionally reported an anxious or depressed mood, but "also consistently report an otherwise normal mental state." *Id.*

In addition, the ALJ noted the opinions from state agency doctors, stating they were consistent with the overall medical evidence. (R. 9, tr., at 20.) In Dr. Klyop's opinion, the doctor reported that the evidence showed claimant's blood pressure and diabetes are controlled by medication. (R. 9, tr., at 77; *see generally* SSR 16-3P, 2017 WL 5180304, at *8 (medication claimant takes for his symptoms).) Dr. Amanambu's report, also cited by the ALJ, listed the medications taken by Collins. (R. 9, tr., at 494.)

Further, the ALJ noted that Collins "has continued to receive regular treatment at Coleman [Professional Services]." (R. 9, tr., at 20; *see generally* SSR 16-3P, 2017 WL 5180304, at *8 (treatment, other than medication, that claimant receives).) Dr. Dallara's report, cited by the ALJ, also indicated that Collins had received outpatient psychiatric treatment for the past four years. *Id.* at 815.

Reading the decision as a whole, the court finds that the ALJ considered the SSR 16-3P factors in assessing the credibility of claimant's statements concerning the effects of his symptoms. *See* R. 9, tr., at 19-20. The court further finds that the ALJ's credibility determinations are reasonable, specific, and supported by substantial evidence. Because "a reasonable mind might accept [the evidence] as adequate to support" his credibility determination, the court concludes that substantial evidence supports the ALJ's finding. *Norris v. Commissioner*, No. 11-5424, 2012 WL 372986, at *5 (6th Cir. Feb. 7, 2012) (citing *Rogers*, 486 F.3d at 241).

12

VIII.  CONCLUSION

For the foregoing reasons, the court finds that the ALJ's decision is based on substantial evidence in the record, as outlined in the ALJ's findings and supported by medical evidence. Accordingly, the undersigned recommends that the Commissioner's final decision be affirmed.


Date:  July 30, 2019                                           s/ David A. Ruiz
                                                                                             David A. Ruiz
                                                                                             United States Magistrate Judge


**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).